# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN RUTH BRATTON, | 1:07-CV-00975 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | HABEAS CORPUS |
| | [Doc. 1] |
| FEDERAL COURTS, | |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on July 9, 2007.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1

A.    Improper Respondent

In the instant petition, Petitioner names the Federal Courts as Respondent.  A petitioner filing a petition for writ of habeas corpus must name the state officer who has custody of the petitioner as the respondent.  Rule 2 (a) of the Rules Governing § 2254 cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Petitioner states that she is currently in the custody of the Fresno County Jail.  Thus, the Federal Court is not the proper respondent.  Ordinarily, the Court would grant Petitioner the opportunity to amend the petition to cure the defect in naming an improper Respondent; however, in the instant case because dismissal is warranted for failure to exhaust the state court remedies, amendment would be futile.

B.    Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a

1   federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133

2   F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court

3   violated his due process rights "he must say so, not only in federal court but in state court."

4   <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.

5        Additionally, the petitioner must have specifically told the state court that he was raising

6   a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666,

7   669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

8   Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States

9   Supreme Court reiterated the rule as follows:

10          In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
11   of state remedies requires that petitioners "fairly presen[t]" federal claims to the
     state courts in order to give the State the "'opportunity to pass upon and correct
12   alleged violations of the prisoners' federal rights" (some internal quotation marks
     omitted). If state courts are to be given the opportunity to correct alleged violations
13   of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
     are asserting claims under the United States Constitution. If a habeas petitioner
14   wishes to claim that an evidentiary ruling at a state court trial denied him the due
     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
15   in federal court, but in state court.

16   <u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

17          Our rule is that a state prisoner has not "fairly presented" (and thus
     exhausted) his federal claims in state court *unless he specifically indicated to*
18   *that court that those claims were based on federal law.* See <u>Shumway v. Payne</u>,
     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
19   <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the*
     *claim explicit either by citing federal law or the decisions of federal courts, even*
20   *if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889
     (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
21   underlying claim would be decided under state law on the same considerations
     that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
22   195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
     (9th Cir. 1996); . . . .
23          In <u>Johnson</u>, we explained that the petitioner must alert the state court to
     the fact that the relevant claim is a federal one without regard to how similar the
24   state and federal standards for reviewing the claim may be or how obvious the
     violation of federal law is.

25   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

26        In this case, Petitioner states that she has not filed a petition for review or state habeas

27   petition in the California Supreme Court. Thus, Petitioner has conceded that the state court

28   remedies have not been exhausted. Accordingly, dismissal of the instant petition is mandatory as

1  it contains unexhausted claims.  28 U.S.C. § 2254(b)(1); <u>Rose</u>, 455 U.S. at 521-22.

2  RECOMMENDATION

3      Based on the foregoing, it is HEREBY RECOMMENDED that:

4  1.    The instant petition be DISMISSED, without prejudice; and

5  2.    This action be terminated in its entirety.

6      This Findings and Recommendation is submitted to the assigned United States District

7  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

8  the Local Rules of Practice for the United States District Court, Eastern District of California.

9  Within fifteen (15) days after being served with a copy, any party may file written objections

10  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

11  to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

12  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

13  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

14  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

15  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

16  Cir. 1991).

21  IT IS SO ORDERED.

22  **Dated:   July 26, 2007**          **/s/ Sandra M. Snyder**
                        UNITED STATES MAGISTRATE JUDGE